THE PROSPERITY COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45896, 59468. Promulgated November 8, 1932.

*Benjamin E. Shove, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: In Docket No. 45896 the petitioner abandoned its claim for a deduction of $90,089.47 covering expenses, losses and bad debts incurred in its dealings with its subsidiary, C. O. Reeps, Inc. The correct net income for the year 1926 is stipulated to be $29,559.15 and the recomputation of the tax may be made accordingly.

In Docket No. 59468 the petitioner's contention that it may deduct from its own net income for the year 1928 the net losses of its subsidiaries sustained before affiliation is governed by the decision of the United States Supreme Court to the contrary in *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, and consequently the only remaining issue is whether or not the petitioner may deduct the sum of $243,206.52 as a bad debt due from its subsidiary, C. O. Reeps, Inc., and ascertained to be worthless and charged off in 1928, and also the

sum of $30,000 representing the cost of the capital stock in C. O. Reeps, Inc., which stock became worthless in that year. Against the said bad debt and stock loss the petitioner allows a credit of $25,080.69, the amount of the net assets of C. O. Reeps, Inc., acquired by the petitioner in the liquidation of that corporation, and also the sum of $44,340.36, the amount of the net loss of C. O. Reeps, Inc., deducted in the consolidated return of the petitioner and its subsidiaries for the year 1928. Thus the deduction claimed is reduced to $203,785.47.

The facts in the case at bar are on all fours with those of *Houghton & Dutton Co.*, 26 B. T. A. 52. In that case we held; that both the loss on the stock of an affiliate and the bad debt due from the affiliate were proper deductions from the gross income of the petitioner, Houghton and Dutton Company. See also *Manatee Crate Co.*, 22 B. T. A. 996; *H. Liebes & Co.*, 23 B. T. A. 787; *Aluminum Goods Mfg. Co.*, 56 Fed. (2d) 568; *Carey Salt Co. et al.*, 26 B. T. A. 675.

In the stipulated facts it was agreed that the open account of the petitioner against C. O. Reeps, Inc., on December 31, 1928, was $243,206.52 and that the petitioner's stock investment in C. O. Reeps, Inc., was $30,000. The evidence presented at the hearing showed that such items were ascertained to be worthless and charged off by the petitioner within the taxable year 1928. The loss so determined was reduced by $25,080.69, the net value of all assets of C. O. Reeps, Inc., received by the petitioner upon the liquidation of its subsidiaries. Upon such stipulation and proof the essential elements of loss to the petitioner have been established and it should be allowed. The amount of the net loss of C. O. Reeps, Inc., for 1928, or $44,340.36, has already been deducted from the petitioner's net income for that year and, therefore, the proper final deduction for losses sustained by the petitioner through C. O. Reeps, Inc., is $203,785.27.

*Judgment will be entered under Rule 50.*